IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| MATTHEW AMATO, <br>     Plaintiff, <br><br>     v. <br><br> JOHN PERROTTA, <br> LEMEIUEX, AND RASPALLO, <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | No. 1:25-cv-00568-MSM-PAS |

## MEMORANDUM AND ORDER

Matthew Amato alleges he is a person with a qualified disability, as defined by 42 U.S.C. §§ 12131, 12132, the Americans with Disabilities Act, suffering from Post-Traumatic Stress Syndrome ("PTSD") and autism. (ECF No. 1, ¶ 3.) The defendants in the Motion to Dismiss they have filed (ECF No. 20) accept that as true for purposes of the Motion. (ECF No. 20, p. 12).

## I.    DISCUSSION

As recounted by the Plaintiff in his Complaint, he had gone to the Providence Superior Court on August 14, 2024. The Court is confused as to whether Mr. Amato responded to Superior Court on the wrong date, as he alleges a misunderstanding about the date, or for a hearing on a violation of probation, but it is of no matter: the point is that he was there. During a proceeding before defendant [Rhode Island Superior Court Judge Richard] Raspallo, Mr. Amato became extremely distressed

and agitated. It is unclear whether this was a result of the anxiety attendant to his PTSD or because he had left his service dog, Sicilia, in a car on a hot afternoon and was worried about the dog's condition.

In any event, it is agreed that he fled the courtroom and was on his way out of the building when he was allegedly tackled by defendant [Special Assistant Attorney General John F.] Perrotta. Mr. Amato claims defendant Perrotta slammed him against a wall, causing a traumatic brain injury for which he was then hospitalized. Mr. Amato has brought a Complaint alleging five grounds for relief:

Claim I: a denial of due process as a result of the use of excessive force;
Claim II: a violation of the ADA's entitlement to reasonable accommodation;
Claim III: assault and battery under state law
Claim IV: intentional infliction of emotional distress, also a state law tort
Claim V:  a violation of Fourteenth Amendment substantive due process, flowing from the "state-created danger" doctrine

The defendants have invoked several arguments in their Motion, but the Court limits its discussions to the following, which GRANT the Motion in its entirety.

## A. Violation of Fed. R. Civ. P. 8(a)

The State resorts to the prescription of Fed. R. Civ. P. 8(a) that a Complaint be a "short and plain" statement of the case. It argues that Mr. Amato's Complaint is "incoherent [and] disorganized." (No. 20-1, p. 1.) The Court pays great respect to the admonition of *Haines v. Kerner,* 404 U.S. 519, 520 (1972), that *pro se* plaintiffs are entitled to latitude in their pleadings. While the State protests, neither the Court nor the State – judging from its Motion to Dismiss — has had much difficulty figuring

2

out Mr. Amato's complaints.[1]  As discussed below, any areas of confusion or ambiguity do not affect the adjudication of the Motion to Dismiss.  Mr. Amato has clearly articulated the five claims he is bringing; indeed, he lists them in order right below the caption of the case.  (ECF No. 1, p. 1).  And the State does an admirable job of defending against these five claims, belying its contention that it could not determine what to defend against.  While the length of Mr. Amato's Complaint may increase the time required to fully comprehend it – time the Court has expended as well – there is no ambiguity or confusion about what he believes he suffered.

The Court rejects Rule 8(a) as a reason to dismiss the Complaint.

### B. Judicial Immunity

Everything Mr. Amato alleges Judge Raspallo did is protected by absolute judicial immunity.  He complains that Judge Raspallo proceeded with the hearing despite signs of the distress caused by his disability (ECF No. 1, ¶¶ 3, 8) and refused to stop the hearing to allow him to retrieve his dog, *Id.* ¶ 5.  He complains of the way Judge Raspallo conducted the hearing, and that is conduct shielded by judicial immunity. *Suny v. KCP Advisory Group, LLC,* 152 F.4th 25, 29 (1st Cir. 2025).

All actions of a judge are protected except for two:  acts that are not performed in a judicial capacity and "actions … taken in the complete absence of all jurisdiction."

---

[1] It is true that the Complaint contains many recitations of statutes, regulations, legal precepts, and case citations.  Most of those, however, are gratuitous.  Mr. Amato has unambiguously listed his claims as five, as enunciated quite clearly at the start of the Complaint (ECF No. 1, p. 1).

*Mireles v. Waco,* 502 U.S. 9, 12 (1991).  Even if a judge's actions were done in error, judicial immunity protects him from liability for damages.  *Id.* at 13.

Judge Raspallo's Motion to Dismiss is GRANTED and the claims against him are DISMISSED.

### C.  Failure to State a Claim for Relief Against Lemeieux

The Motion to Dismiss maintains there are no factual allegations against defendant Lemeiuex, who is alleged to be a Sheriff in the service of the Providence Superior Court.  The Court has scoured the Complaint and agrees.  Beyond his name in the caption, Mr. Lemeiuex, is not mentioned.  While there are allusions in the Complaint to "courtroom sheriffs," *e.g.,* ECF No. 1, ¶ 7, there are no acts alleged to have been performed by Mr. Lemeiuex, in particular.  Nor are there any acts specifically attributed to a "sheriff," which might be construed as allegations against Mr. Lemeiuex,.

Mr. Lemeiuex's Motion to Dismiss is GRANTED and the claims against him are DISMISSED.

### D.  Claims Against Defendant Perrotta

Defendant Perrotta is the only defendant left in the action and he contends he is entitled to dismissal on several grounds.  The ones that concern the Court are that there was no violation of the ADA and that he is protected by prosecutorial immunity.

Mr. Amato does not identify anyone who prohibited him from bringing Sicilia, his service animal, into the courthouse.  He asserts it was his "impression," apparently from a previous encounter, that he could not do so.  *Id.* at p. 6, n.2.  Laboring under

that understanding – which could imply a violation of the ADA on a previous occasion – he did not attempt on this date to bring Sicilia to court but left him in the car.  Nor did he request an accommodation to bring him into the building.  In this narrative, there is no basis for an inference that any defendant violated the ADA.

Mr. Amato's theory is that the ADA requires proactive behavior and that those he sued, including Mr. Perrotta, should have known that he was experiencing an episode caused by his disability and that he was attempting to retrieve Sicilia in order to relieve his stress.  But that is a far cry from liability.  Liability under the ADA for failure to accommodate a disability requires that there is a discriminatory policy or practice in effect, *Santiago Ortiz v. Caparra Ctr. Associates,* 261 F. Supp. 3d 240, 245 (D.P.R. 2016), and any evidence of a policy in effect that precluded Sicilia from entering is lacking from this Complaint.

As for the Count alleging "state-created danger," that is a theory of liability for a violation of substantive due process.  As recognized by the First Circuit, it imposes "liab[ility] for failing to protect plaintiffs from danger created or enhanced by their affirmative acts."  *Irish v. Fowler,* 979 F.3d 65, 67 (1st Cir. 2020).  Here, there are no affirmative acts creating a danger to Mr. Amato, unless he is referring to the stressful atmosphere allegedly created in the courtroom by the judge and prosecutor, which would be wholly protected from liability by judicial and prosecutorial immunity. *Penate v. Kaczmarek,* 928 F.3d 128, 139 (1st Cir. 2019) (prosecutorial immunity extends to advocacy actions).

The count that causes most concern here is that of Eighth Amendment excessive force against Mr. Perrotta. If that survives a 12(b)(6) Motion, it not only presents a federal question, it carries an umbrella of supplemental jurisdiction which would embrace the two state-law claims of assault and intentional infliction of emotional distress. Here the parties' theories are similar. Mr. Amato's view seems to be that Mr. Perrotta was chasing him in order to bring him back to the courtroom or stop him fleeing. The State casts his behavior as that of a citizen making a citizen's arrest for some crime allegedly committed by Mr. Amato, perhaps jumping bail. In Rhode Island, bail jumping can be a felony. R.I.G.L. 1956 § 11-1-8. Regardless of his motivation, Mr. Perrotta does not have the benefit of prosecutorial immunity. Immunity does not shield all his actions simply because he is a prosecutor. *Penate,* 928 F.3d at 137 (prosecutor exercising administrative functions was not immune). Here, any assault or attempt to bring Mr. Amato back into the courthouse is not within the role of a prosecutor and therefore lacks immunity.

A pivotal question as the Court sees it is whether Mr. Perrotta was acting as a sort of "law enforcement officer," under color of state law, or whether he was acting purely as a private citizen, in which case there would be no substantive due process claim for unlawful government action, and no 42 U.S.C. § 1983 jurisdiction. Without that claim as an "anchor," the Court would decline to exercise its supplemental jurisdiction over the two state torts. *Desjardins v. Willard,* 777 F.3d 43, 45 (1st Cir. 2015). A citizen acting privately does not act "under color of state law" merely because he happens to be a government employee. *Martinez v. Colon,* 54 F.3d 980, 986-97

(1st Cir. 1995) (where police officer engaged in a private pursuit, he did not act under color of state law, precluding a substantive due process claim). Mr. Perrotta did not purport to exercise any authority inherent in his employment as a prosecutor, nor did he have any. It is true that his action was "related" to his role as a prosecutor, in the sense that his involvement prosecuting the case no doubt motivated his desire to see Mr. Amato return to the violation hearing. *Compare Martinez* at 987 ("conduct not related in some meaningful way either to the officer's governmental status or to the performance of his duties."). "[W]hether a police officer is acting under color of state law turns on the nature and circumstances of the officer's conduct and the relationship of that conduct to the performance of his official duties." *Barreto-Rivera v. Medina-Vargas,* 168 F.3d 42, 46 (1st Cir. 1999). Even though Mr. Perrotta is not a law enforcement officer, *Barreto-Rivera* is helpful because it looked to whether the defendant exploited accoutrements of his official status, e.g., wearing a uniform, carrying a gun, pulling over a vehicle, using a police-issued nightstick. *Id.* at 48. In Mr. Amato's account, there is nothing in Mr. Perrotta's actions or words that signaled he was purporting to carry out any official or prosecutorial duty as opposed to simply acting as a private citizen confronted with a possible crime. Indeed, the Complaint recites that he was "acting outside the scope of his authority." (ECF No. 1 ¶ 6.) Mr. Amato described him as "not act[ing] as a prosecutor on August 14, 2024 –[but] act[ing] as a vigilante." (ECF No. 1, ¶ 140.) The fact that it was his role as a prosecutor that gave him the knowledge that Mr. Amato was fleeing, rather than

7

simply running out of the building, is not enough upon which to pin "color of state law" jurisdiction.

The substantive due process claim against Mr. Perrotta is dismissed for want of federal jurisdiction under 42 U.S.C. § 1983 and in the absence of a viable federal claim, the Court declines to exercise supplemental jurisdiction over the claims of assault and intentional infliction of emotional distress.

## I.    CONCLUSION

The Motion to Dismiss (ECF No. 20) is GRANTED in its entirety, the Complaint (ECF No. 1) is DISMISSED and the Motion to Proceed *In Forma Pauperis* (ECF No. 2) is DENIED as moot.

IT IS SO ORDERED:

Mary S. McElroy
U.S. District Judge

April 18, 2026